**Ibrahim BAH, Petitioner,**

v.

**Alberto R. GONZALES, United States Department of Justice, Michael Chertoff, United States Department of Homeland Security, Respondents.**

No. 05–5384–ag.

United States Court of Appeals, Second Circuit.

Aug. 7, 2006.

Sandra P. Nichols, New York, NY, for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Brian E. Pawlak, Assistant United States Attorney, Milwaukee, WI, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Ibrahim Bah, A 95 837 903, petitions for review of the BIA order affirming the decision of Immigration Judge ("IJ") Margaret McManus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

The IJ determined that Bah did not suffer past persecution in Sierra

Leone, and Bah fails to challenge that finding in his brief to this Court and has thus waived it. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005) (CAT claim not discussed in brief was waived). Moreover, the IJ did not make a finding regarding nexus; rather, she assumed that Bah would be able to establish nexus, at least with respect to the rebels other than Junior. As a result, the only issue before this Court is whether Bah proved he had a well-founded fear of persecution. The only basis for the IJ's denial of this claim was country conditions, so this Court must determine whether the IJ's finding that Bah's fear was not objectively reasonable, based on the country conditions in Sierra Leone, is supported by substantial evidence.

■ Contrary to Bah's contentions, the IJ did not err in failing to give him an opportunity to rebut the country condition evidence in the record. First, Bah did not object to the introduction of the country report in the record. Second, because the IJ found that Bah did not prove past persecution in Sierra Leone, the burden of proof remained on Bah. *See* 8 C.F.R. § 208.13(b)(1)(ii) (explaining that if an alien proves past persecution, it is presumed that he has a well-founded fear of persecution and the burden shifts to the government to prove otherwise). It was Bah's responsibility to demonstrate that any fears he had of returning to Sierra Leone were objectively reasonable.

■ As for the evidence of country conditions in the record, the IJ was reasonable in determining that it did not prove Bah's fear of returning to Sierra Leone was objectively reasonable. The 2003 U.S. Department of State Country Report on Human Rights Practices indicates that the civil conflict in Sierra Leone ended in January 2002, which resulted in a "completed disarmament and demobilization" of insurgent groups. Although the report indicates some ongoing violence, it does not indicate that individuals who supported the government, or President Kabbah, were subject to that violence. Specifically, the report states that there was no evidence of politically motivated killings, disappearances, or arrests. The report states that the 2002 re-election of President Kabbah was "marred by some irregularities," but it does not indicate that any of the Kabbah supporters were harmed in any way.

In this case, therefore, the IJ was reasonable in relying on the 2003 country report because Bah failed to present any countervailing evidence that would be relevant to current country conditions in Sierra Leone. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004); *Tambadou v. Gonzales,* 446 F.3d 298, 302–03 (2d Cir.2006). The only other articles that Bah submitted discussed the situation in Sierra Leone before the end of the civil war. The IJ thus was also not unreasonable in failing to give more weight to Bah's testimony about Junior's desire for revenge.

The IJ had already reasonably determined that Junior may have been motivated by Bah's decision to fire him, as opposed to Bah's political opinion, and as a result, Junior's continued anger at Bah did not give rise to a well-founded fear of persecution on account of any of the enumerated grounds. Accordingly, the IJ's finding that Bah failed to prove his fear of returning to Sierra Leone, as it related to his political opinion, was objectively reasonable is supported by substantial evidence.

Bah does not challenge the denial of CAT claim before this Court, and as a result, his CAT claim is deemed waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.